Amera Omer **MOHAMED**,
et al., Petitioners,

v.

Michael B. **MUKASEY**, Attorney
General, Respondent.

No. 04–76700.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 24, 2008.

Nov. 24, 2008.

■

Jonathan David Montag, Law Offices of Jonathan D. Montag, San Diego, CA, for Petitioners.

Ryan W. Bounds, Esquire, Zoe Jaye Heller, Esquire, Trial, Huge G. Mullane, Esquire, DOJ–U.S. Department of Justice Office of The Attorney General, Washington, DC, CAS–District Counsel, Esquire, Office of The District Counsel Department of Homeland Security, San Diego, CA, Ronald E. Lefevre, Office of The District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: CALLAHAN and IKUTA, Circuit Judges, and SHADUR,* District Judge.

MEMORANDUM **

Amera Omer Mohamed ("Mohamed") and her 7–year–old son Ferag Abdalla ("Abdalla")[1] seek review of a decision by the Board of Immigration Appeals ("BIA") issued December 9, 2004, which affirmed the underlying September 25, 2003 oral ruling of an immigration judge ("IJ"). By indicating that 8 U.S.C. § 1158(d)(5)(A)(i),[2] as amended by the Illegal Immigration Reform and Immigrant Responsibility Act

("Act"), imposed an additional burden on Mohamed as to her identity, the IJ committed legal error (*See Kalouma v. Gonzales*, 512 F.3d 1073, 1078 (9th Cir.2008)). Just as in *Kalouma, id.* at 1078–79, erroneous Section 1158(d) considerations "permeated" the IJ's oral ruling to such a degree that we cannot ascertain whether the error tainted the IJ's ultimate credibility determination. Accordingly the BIA's decision is reversed, and the case is remanded so that the IJ can reassess Mohamed's credibility "afresh apart from a specific statutory burden under § 1158(d)" (*id.* at 1079).

**REVERSE AND REMAND.**

---

* The Honorable Milton I. Shadur, Senior United States District Judge for the Northern District of Illinois, sitting by designation.

** This disposition is not appropriate for publication and is not precedential except as provided by 9th Cir. R. 36–3.

1. Abdalla's claims are derivative of his mother's. Although this memorandum speaks only of Mohamed's claims, it applies with equal force to Abdalla's claims.

2. Further references to the Act will take the form "Section—," omitting the prefatory "8 U.S.C."